FILED

2014 APR 23 AM 10:15

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JUDITH K. PETITT
    Plaintiff

CASE# 8:14cv961 33 TGW

-v-

U.S. BANK NATIONAL ASSOCIATION

DBA ELAN FINANCIAL SERVICES

    Defendant(s)

## COMPLAINT

Plaintiff, JUDITH K. PETITT, individually, hereby sues Defendant(s), U.S. BANK NATIONAL ASSOCIATION and ELAN FINANCIAL SERVICES for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a)(iii).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii)

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that U.S.BANK NATIONAL ASSOCIATION, DBA ELAN FINANCIAL SERVICES, Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $15,000.00.

## PARTIES

7. Plaintiff, JUDITH K. PETITT, is a natural person and is a resident of the State of FLORIDA.

8. Upon information and belief Defendants, U.S.BANK NATIONAL ASSOCIATION DBA ELAN FINANCIAL SERVIECS ("HERE AFTER CALLED ELAN") is a foreign corporation, authorized to do business in Florida.

## FACTUAL ALLEGATIONS

9. From November 1st 2013 thru April 1st 2014, ELAN violated the TCPA by calling Plaintiff's cell phone 40 times with no prior permission given by Plaintiff in attempting to collect an alleged but nonexistent debt.

## COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227

10. Plaintiff alleges and incorporates the information in paragraphs 1 through 9.

11. Defendant ELAN has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number(727-455-9793), which is assigned to a cellular telephone service.

12. Defendant ELAN has committed 40 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

13. Defendant ELAN has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The 40 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff spoke with ELAN on the very first call and advised ELAN that the person they were trying to reach was not at this number (727-455-9793) and that they were calling the wrong cell phone number. Two additional times on two different phone calls PLAINTIFF told ELAN that the person they were trying to reach was not at this number (727-455-9793) and they had the wrong cell phone. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

14. Defendant ELAN has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone

service. The Plaintiff has never given ELAN permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and ELAN do not have an established business relationship within the meaning of 47 U.S.C. §227.

15. Defendant ELAN has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 30 times after receiving the intent to sue letter with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE**, Plaintiff demands judgment for damages against U.S. BANK NATIONAL ASSOCIATION, and ELAN for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

### COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS U.S.BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES

16. Plaintiff alleges and incorporates the information in paragraphs 1 through 15.

17. ELAN placed no less than 26 telephone calls to the Plaintiff's cellular telephone (727-455-9793) after receipt of Plaintiff's NOTICE OF INTENT TO LITIGATE letter. Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. § 1692c(a)(1). Defendant demands $1000.

18. ELAN placed no less than 20 telephone calls to the Plaintiff's cellular telephone (727-455-9793) after receiving written NOTICE OF INTENT TO LITIGATE from the Plaintiff. Pursuant to 15 U.S.C. § 1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. §1692c. Defendant demands $1000.

19. Defendants U.S.BANK NATIONAL ASSOCIATION and ELAN continued collection activity after receiving NOTICE OF PENDING LAWSUIT and used false, deceptive or misleading representation or means in connection with debt collection, in violation of 15 U.S.C.§1692e. Defendant demands $1000.

20. Defendants U.S.BANK NATIONAL ASSOCIATION AND ELAN violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against U.S.BANK NATIONAL ASSOCIATION AND ELAN for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

### COUNT III
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS U.S.BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES

21. Plaintiff alleges and incorporates the information in paragraphs 1 through 20.

22. Plaintiff is a consumer within the meaning of §559.55(2).

23. U.S.BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES are debt collectors within the meaning of §559.55(6).

24. U.S.BANK NATIONAL ASSOCIATION violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff. Defendant demands $1000.00.

25. ELAN FINANCIAL SERVICES violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff. Defendant demands $1000.00

26. ELAN FINANCIAL SERVICES violated §559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt. Defendant demands $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against U.S.BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 17th of APRIL, 2014

JUDITH K. PETITT
9375 U.S. HIGHWAY 19 SUIT A
727-455-9793
KTJO34684@GMAIL.COM