UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH K. PETITT,

       Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION
DBA ELAN FINANCIAL SERVICES,

       Defendants.

Case No. 8:14–CV 961-VMC-TGW

## DEFENDANT U.S. BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES'S MOTION TO DISMISS

Defendants U.S. Bank National Association and Elan Financial Services (collectively "Elan"),[1] by and through its undersigned counsel, hereby moves to dismiss Plaintiff's Complaint for failure to state a cause of action. In support of this motion, Elan submits the following memorandum of law.

**WHEREFORE**, Elan respectfully request judgment in its favor, and such other relief as this Court deems just and proper.

---

[1] Plaintiff's complaint refers to Elan Financial Services as a D/B/A of US Bank National Association. It then refers to them both as Elan. It also refers to Defendants. It is not clear whether Plaintiff is suing one defendant or two. The proper party, if any, is US Bank, National Association, N.D., d/b/a Elan Financial Services. US Bank, National Association, N.D. is a separate and distinct entity from US Bank National Association. In any event, this motion and supporting memorandum are filed on behalf of both entities.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

Plaintiff's complaint alleges that Elan violated the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Plaintiff's Complaint contains bare legal conclusions in place of critical factual allegations. As a result Plaintiff states no legal claim against Elan and her Complaint should be dismissed.

**II. ARGUMENT**

**A. Legal Standard.**

To survive a motion to dismiss, a complaint must contain material supporting each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). This material can be either direct or inferential, *id*. at 683, but it must be factual. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002)) (internal quotation marks omitted); accord *Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do.").

A complaint must contain sufficient factual material to raise a right to relief above the speculative level. *Id*. To raise a right to relief beyond the speculative level, a complaint must contain "enough factual matter (taken as true) to suggest" each material

element of a claim. *See Watts v. Florida Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). The Complaint in this case does not contain factual allegations sufficient to raise a right to relief.

### B. Plaintiff has Failed to Allege a TCPA Claim.

The TCPA prohibits using an automatic telephone dialing system to call a cellular telephone except in the case of an emergency or with prior express consent. 47 U.S.C. § 227 (b)(1)(A)(iii). The statute defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227 (a)(1). To state a claim, one must do more than allege that calls were made with an ATDS. There has to be some factual allegation to support that conclusion. *See Ibey v. Taco Bell Corp.,* No. 12-CV-0583-H(WVG), 2012 U.S. Dist. LEXIS 91030 at *3 (S.D. Cal. June 18, 2012).

*Ibey* is one of many examples of cases standing for the proposition that more than a barebones assertion of use of an ATDS is required to state a claim:

> To constitute an ATDS under the statute, the equipment must have the capacity to store or produce telephone numbers to be sent text messages and use a random or sequential number generator to text the numbers. In a conclusory manner, Plaintiff alleges that Defendant used an ATDS …. According to Plaintiff's allegations, the text messages did not appear to be random but in direct response to Plaintiff's message ..... [T]he Court concludes that Plaintiff's complaint fails to sufficiently plead the use of an ATDS within the meaning of the TCPA.

*Id.* at *9-10.

Similarly in *Freidman v. Massage Envy Franchising, LLC*, No. 3:12-CV-02962-L-RBB, 2013 U.S. Dist. LEXIS 84250, at *6 (S.D. Cal. June 13, 2013), the Court held:

> Plaintiffs allege that the texts that they received "were placed via an 'automatic telephone dialing system,'... as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. §227 (b)(1)(A).' However, Plaintiffs allegations are nothing more than a "formulaic recitation of the elements of a cause of action," and do nothing more than assert a speculation. The text messages are generic and impersonal, as Plaintiffs assert, but that is not enough to make the claims plausible.... It is just as conceivable that the text messages were done by hand, or not using an ATDS. The text messages that the Plaintiffs present are similar in content, but differ enough to make it appear as if an ATDS was not utilized…. The Court declines to do so and finds that Plaintiffs have not stated with a level of factual specificity a claim under the TCPA.

*Id*. at *6-7 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *Twombly*, 550 U.S. at 555).

The Complaint does not contain any factual allegations from which to conclude Elan's alleged calls to Plaintiff were made with an ATDS. Instead, the calls are alleged to be directed specifically to Plaintiff's telephone number for the purpose of collecting a debt. Complaint ¶ 9. Moreover, the only calls specifically described in the Complaint were with live persons not a machine. Complaint ¶ 13. Finally, per the Complaint, each time Elan called Plaintiff it was trying to reach a specific person. No random or sequential dialing can be reasonably implied under those circumstances. Accordingly, the Complaint fails to allege facts to support the conclusion that Elan made any calls to the Plaintiff's cellular telephone number using an automatic telephone dialing system.

### C. The FDCPA Does Not Apply to Elan.

Plaintiff has not alleged sufficient facts to state a claim for relief under the FDCPA. The FDCPA regulates how a <u>debt collection agency</u> must conduct itself when it attempts to collect a debt from a consumer. 15 U.S.C. § 1692. However, the FDCPA only regulates "debt collectors," who are defined as follows:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include—
>
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts. . . .

15 U.S.C. § 1692a (6) (emphasis added).

Elan is not a debt collector. There is no claim it was trying to collect the debt of another. Plaintiff appears to admit, albeit not clearly, that Elan was attempting to collect monies <u>it</u> was due. Complaint ¶¶ 9, 13. Accordingly, as the creditor to which the debt is owed, Elan is not a debt collector under the FDCPA. *See Buckman v. American Bankers Ins. Co. of Florida*, 115 F.3d 892, 895 (11th Cir. 1997) (The FDCPA provides that the term "debt collector" does not include any person collecting or attempting to collect any debt owed or due to it or based upon a debt it originated); *see also Berman v. Wells Fargo Bank, N.A.*, Case No. 6:12-cv-405-Orl-KRS, 2013 U.S. Dist. LEXIS 5254 (M.D. Fla. Jan. 11, 2013) (A

5

financial institution attempting to collect its own debt does not meet the definition of a "debt collector" for purposes of the FDCPA.); *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003).

Moreover, the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (b). Thus, the plain language of the FDCPA provides that the FDCPA applies only to persons whose primary business is debt collection. *See Marketic v. US Bank National Association*, 436 F. Supp. 2d 842, 854 (N.D. TX 2006). As Plaintiff has alleged, US Bank is a National Association. As such, US Bank is governed pursuant to the National Bank Act and as a matter of law has the principal business of banking. *Id.* Accordingly, as the court stated in *Marketic*:

> US Bank's principal business activity is not debt collection, and, even if the company were to meet the statutory definition of a debt collector, it would nevertheless qualify for the statutory exclusion from liability found at 15 U.S.C. § 1692a (6)(A) for creditors who attempt to collect debts owed to them while using their own names.

*Id.*, (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985)).

Plaintiff's cause of action under the FDCPA should be dismissed with prejudice. *See Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291,1308 (S.D. Fla. 1991) (Dismissing FDCPA claims with prejudice because: (1) Chase and Chase Home Finance were the creditor and servicer, and therefore were not debt collectors under the FDCPA; and

6

(2) the plaintiff's "false name exception" argument was unavailing because the plaintiff failed to allege any facts indicating a scheme by Chase to use another name other than its own); *see also Doherty v. Citibank (South Dakota) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005) (dismissing the FDCPA claim because the bank was not the proper party since it was a creditor and not a debt collector).

### D. Plaintiff Failed to State a Claim Under the FCCPA.

The FCCPA provides that a "debtor" may bring an action against a person who commits a prohibited act. The FCCPA limits the definition of "debtor" to one obligated or alleged obligated to pay a debt. Fla. Stat. § 559.55 (2). It similarly limits the definition of "debt" to an obligation or alleged obligation "to pay money arising out of a transaction." *Id.* § 559.55 (1).

Plaintiff does not allege she is or was obligated to pay the alleged debt. Thus she is not a debtor under the FCCPA, and does not have standing to pursue claims for violations of the FCCPA. *Belin v. Litton Loan Servicing, LP,* No. 8:06-CV-760-T-24 EAG, 2006 U.S. Dist. LEXIS 47953, at *7 (M.D. Fla. July 14, 2006) (dismissing FCCPA claims asserted by plaintiffs that were not obligated under the loan at issue for lack of standing); *Condon v. Global Credit & Collection Corp.,* No. 8:10-CV-1526-T-TGW, 2010 U.S. Dist. LEXIS 129343, at *8 (M.D. Fla. Dec. 6, 2010) ("[T]he FCCPA is not actionable because the plaintiff is not alleged to owe any debt to the defendant").

Like here, in *Sampaio v. I.C. System, Inc.*, No. 09-21689-CIV-JORDAN, 2009 U.S. Dist. LEXIS 128377 (S.D. Fla. Sept. 14, 2009), the plaintiff alleged to have received debt collection calls intended for another individual. In the complaint, the plaintiff stated that

he was "not liable for [the] debt." *Id.* at *1. Notwithstanding, the plaintiff "allege[d] that the [defendant's] phone messages constituted willful conduct that harassed [him] in violation of Fla. Stat. § 559.72 (7) because the message failed to disclosed the caller's name and used a pre-recorded voice." *Id.* at *2. The court found that subsection (7) "applies only to 'the debtor or any member of his or her family.'" *Id*. (quoting Fla. Stat. § 559.72 (7)). The court therefore entered judgment as a matter of law in the defendant's favor on the FCCPA claim because Plaintiff was not a debtor.

As in *Sampaio*, Plaintiff here alleges violations of FCCPA provisions intended to protect "debtors" only. *See* Compl. ¶¶ 23-26. Plaintiff lacks standing to assert claims as a debtor under the FCCPA. Thus, her claims for violations of Fla. Stat. § 559.72 fail as a matter of law and should be dismissed with prejudice.

## III. <u>CONCLUSION</u>

Bare legal conclusions do not state claims. Plaintiff's asserting that an ATDS was used does not make it so. Facts must be alleged in support of Plaintiff's claim. Calling Elan a debt collector does not make it one for FDCPA purposes. Factual averments are necessary. None were made here. Saying you are a "debtor" does not pass muster when you assert, in the same Complaint, that no debt is owed. For the foregoing reasons Plaintiff has failed to state a claim, and the Complaint should be dismissed.

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 0498351
Email: clawson@foley.com

>Kara M. Wick
>Florida Bar No. 0085578
>kwick@foley.com
>Foley & Lardner LLP
>111 North Orange Avenue, Suite 1800
>Orlando, FL 32801-2386
>Telephone: (407) 423-7656
>Facsimile: (407) 648-1743
>
>Michael C. Lueder
>Foley & Lardner LLP
>777 East Wisconsin Avenue
>Milwaukee, WI 53402-5306
>414.297.5643 (MCL)
>Email: mlueder@foley.com
>*Pro Hac Motion forthcoming*
>
>*Attorneys for U.S. Bank National Association and Elan Financial Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via filing with the Court's CM/ECF System to Plaintiff, Judith Petitt, 9375 U.S. Highway 19, Suite A, KTJ034684@gmail.com.

>/s/ Christi A. Lawson
>Christi A. Lawson
>Florida Bar No. 0498351