```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JUDITH K. PETITT,

        Plaintiff,
v.                              Case No. 8:14-cv-961-T-33TGW

U.S. BANK NATIONAL ASSOCIATION
D/B/A/ ELAN FINANCIAL SERVICES,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant U.S. Bank National Association d/b/a Elan Financial Services' Motion to Dismiss (Doc. # 9) filed on June 4, 2014. *Pro se* Plaintiff Judith K. Petitt filed a Response in Opposition to the Motion (Doc. # 11) on June 9, 2014. For the reasons stated at the hearing held on July 3, 2014, and for the reasons that follow, the Court grants Elan's Motion. However, the Complaint is dismissed without prejudice so that Petitt has the opportunity to file an amended complaint, by July 23, 2014, to state a cause of action, if possible.

**I. Background**

On April 23, 2014, Petitt initiated this action against Elan for alleged violations of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices

Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). (Doc. # 1). From November 1, 2013, through April 1, 2014, Petitt claims that Elan called Petitt's cellular telephone forty times with no prior permission given by Petitt in an attempt to collect an alleged, but nonexistent debt. (Id. at ¶ 9). Petitt contends that she spoke with Elan on the first call and advised Elan that the person it was trying to reach was not at the number called. (Id. at ¶ 13). Petitt further claims that she told Elan two additional times that the person Elan was trying to reach was not at the number called. (Id.). Petitt also alleges that Elan placed twenty-six telephone calls to Petitt's cellular telephone after receiving Petitt's Notice of Intent to Litigate letter. (Id. at ¶ 17).

On June 4, 2014, Elan filed the relevant Motion to Dismiss for failure to state a claim. (Doc. # 9). Petitt filed a Response in Opposition to the Motion on June 9, 2014. (Doc. # 11). The Court has reviewed the Motion, the Response thereto, and is otherwise fully advised in the premises.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, in Twombly, the Supreme Court cautioned:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).

Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**III. Analysis**

    **A. Telephone Consumer Protection Act**

> The TCPA prohibits:
>
> [A]ny person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service. . . .

47 U.S.C. § 227(b)(1)(A)(iii).

"There are two elements to an auto-dialer TCPA claim that a plaintiff must allege: (1) a call to a cellular telephone; (2) via an automatic telephone dialing system." <u>Murphy v. DCI Biologicals Orlando, LLC</u>, No. 6:12-cv-1459-Orl-36KRS, 2013 WL 6865772, at *4 (M.D. Fla. Dec. 31, 2013); <u>see</u> 47 U.S.C. § 227(b)(1)(A). The statute defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1).

According to Elan, the Complaint does not contain any factual allegations from which the Court can conclude Elan's alleged calls to Petitt were made with an automatic telephone dialing system. (Doc. # 9 at 4). Specifically, Elan argues that to state a claim under the TCPA, Petitt must do more than just allege that calls were made with an automatic telephone dialing system as there must be some factual

4

allegation to support that conclusion. (Id. at 3) (citing Ibey v. Taco Bell Corp., No. 12-cv-0583-H(WVG), 2012 U.S. Dist. LEXIS 91030, at *3 (S.D. Cal. June 18, 2012)(finding that plaintiff's conclusory allegations that defendant used an automatic telephone dialing system were insufficient to state a claim under the TCPA); Freidman v. Massage Envy Franchising, LLC, No. 3:12-cv-02962-L-RBB, 2013 U.S. Dist. LEXIS 84250, at *6 (S.D. Cal. June 13, 2013)(finding that plaintiff's allegations that the texts received "were placed via an 'automatic telephone dialing system'" were nothing more than speculation)). Furthermore, Elan claims that the Complaint describes calls with live persons, not a machine, which is inconsistent with the use of an automatic telephone dialing system. (Doc. # 9 at 4).

In response, Petitt argues that she has proof that Elan uses automatic telephone dialing system equipment. (Doc. # 11 at ¶ 20). Specifically, Petitt submits that "each time the Plaintiff answered the cell phone there was a 1-3 second pause before an answer which is the [usual] and customary action of ATDS CAPABLE EQUIPMENT." (Id. at ¶ 21). Petitt further contends that it does not matter whether a live person was on the phone during the alleged calls, as long as the equipment

used to make the call was automatic telephone dialing system capable. (Id. at ¶ 22).

Upon review of the Complaint, and liberally construing the allegations contained therein in light of Petitt's *pro se* status, this Court concludes that Petitt has stated a claim under the TCPA.  However, while Petitt argues that Elan used an automatic telephone dialing system, she further submits that she spoke to a live person, specifically to tell the individual that they had the wrong number.  While the Court concludes that Petitt has stated a cause of action despite this disconnect, the Court gives Petitt the opportunity to restate her allegations to clarify any potential factual discrepancy, if she so chooses.  As explained more fully below, Petitt may file an amended complaint on or before July 23, 2014.

**B. Fair Debt Collection Practices Act**

The FDCPA regulates how a debt collection agency must conduct itself when it attempts to collect a debt from a customer. See 15 U.S.C. § 1692. In order to prevail on an FDCPA claim, Petitt must demonstrate by a preponderance of the evidence that: (1) she was the object of collection activity arising from consumer debt; (2) Elan is a "debt collector" as defined by the FDCPA; and (3) Elan has engaged

6

in an act or omission prohibited by the FDCPA. McCorriston v. L.W.T., Inc., No. 8:07-CV-160-T-27EAJ, 2008 WL 3243865, at *2 (M.D. Fla. Aug. 7, 2008).

Elan points out that the FDCPA only regulates "debt collectors," defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include –
>
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts. . . .

15 U.S.C. § 1692a(6)(a)-(b).

Elan argues that it is not a debt collector under the FDCPA, but rather it is the creditor to which the debt is owed. (Doc. # 9 at 5). Furthermore, Elan posits that Petitt has correctly alleged that U.S. Bank is a National Association. (Id. at 6). Therefore, according to Elan, U.S. Bank is governed pursuant to the National Bank Act and as a

7

matter of law has the principal business of banking. (Id.)(citing Marketic v. U.S. Bank Nat'l Ass'n, 436 F. Supp. 2d 842, 854 (N.D. Tex. 2006)(finding that "US Bank's principal business activity is not debt collection.")). Therefore, Elan alleges that the FDCPA does not apply to Elan. (Id. at 5).

However, in her Response, Petitt claims that, "Elan's web site is on the Internet soliciting business from any provider who needs assistance with credit card services including collection on credit card accounts." (Doc. # 11 at ¶ 13). Petitt attaches to her Response a picture of Elan's web page, which states in relevant part:

> As America's leading agent credit card issuer, Elan serves more than 1,600 financial institutions. For more than 47 years, Elan has offered an outsourced partnership solution, providing institutions the ability to earn a risk-less revenue stream with a competitive credit card program - all at no cost. Elan's best-in-class card products, exceptional service, and proven road map drive successful long-term relationships and satisfied customers.

(Doc. # 11 at Ex. A).

While the Court accepts all well-pleaded facts in the complaint as true for purposes of a Rule 12(b)(6) motion to dismiss, it must confine its review to those facts contained within the four corners of Petitt's Complaint. Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (internal citation omitted) ("A court's review on a motion to

8

dismiss is limited to the four corners of the complaint."); see Raber v. Osprey Alaska, Inc., 187 F.R.D. 675, 677 (M.D. Fla. 1999)("In deciding a motion to dismiss, the court may only examine the four corners of the complaint"). Thus, because the Response – and the accompanying exhibit – is outside the scope of this Court's review, the Court will not consider it in making its determination.

"A party qualifies as a debt collector where it operates a business that has the principal purpose of collecting debts or regularly attempts to collect debts that are owed to another." Goia v. CitiFinancial Auto, 499 F. App'x 930, 938 (11th Cir. 2012). Furthermore, "where a financial company is 'engaged in the collection of its own debts, as opposed to the debts of another,' it does 'not qualify as a debt collector under the FDCPA.'" Berman v. Wells Fargo Bank, N.A., No. 6:12-cv-405-Orl-37KRS, 2013 U.S. Dist. LEXIS 5254, at *2 (M.D. Fla. Jan. 14, 2013)(quoting Goia, 499 F. App'x at 938).

Upon review of the Complaint, the Court finds that Petitt has failed to adequately allege that Elan is a debt collector under the FDCPA. Specifically, Petitt does not claim that Elan operates a business that has the principal purpose of collecting debts, nor does Petitt allege that Elan regularly attempts to collect debts that are owed to another. See Goia,

9

499 F. App'x at 938. This Court is not required to accept as true legal conclusions with no factual support. See Papasan, 478 U.S. at 286.

As Petitt has failed to sufficiently allege this fundamental requirement for establishing an FDCPA claim, this Court will not utilize scarce judicial resources to further analyze the adequacy of Petitt's FDCPA claim. Accordingly, Elan's Motion as to Count II is granted.

### C. Florida Consumer Collection Practices Act

The FCCPA provides that a debtor may bring a civil action against a person who commits a prohibited act, as set forth in Florida Statute § 559.72, while collecting consumer debts. Fla. Stat. § 559.77(1). As Elan suggests, the FCCPA limits the definition of "debtor" to one obligated or allegedly obligated to pay a debt. Fla. Stat. § 559.55(2). Similarly, it limits the definition of "debt" to an obligation or alleged obligation "to pay money arising out of a transaction." Fla. Stat. § 559.55(1).

Elan points out that Petitt does not claim that she is or was obligated to pay the alleged debt. (Doc. # 9 at 7). Therefore, Elan contends that Petitt is not a debtor under the FCCPA and lacks standing to pursue a claim for violations of the FCCPA. (Id.). Petitt alleges, however, that, "the FCCPA

10

is a carbon copy of the FDCPA and affords a consumer even greater protection." (Doc. # 11 at ¶ 18).

Under the FCCPA, a debtor is defined as a natural person obligated or allegedly obligated to pay a debt. Fla. Stat. § 559.55(2). Upon review of the Complaint, the Court finds that Petitt fails to allege that she is obligated to pay a debt, and therefore has insufficiently demonstrated that she has standing to pursue a claim for violations of the FCCPA. See Belin v. Litton Loan Servicing, No. 8:06-cv-760-T-24EAJ, 2006 U.S. Dist. LEXIS 47953, at *7 (M.D. Fla. July 14, 2006)(dismissing FCCPA claims and finding that plaintiffs lacked standing as plaintiffs failed to allege facts demonstrating that they are debtors under the FCCPA); Condon v. Global Credit & Collection Corp., No. 8:10-cv-1526-T-TGW, 2010 U.S. Dist. LEXIS 129343, at *8 (M.D. Fla. Dec. 6, 2010)(finding that "the FCCPA is not actionable because the plaintiff is not alleged to owe any debt to the defendant").

Again, as Petitt has failed to allege an essential element of her FCCPA claim, this Court will not further analyze the other requirements of her FCCPA claim. Instead, this Court grants Elan's Motion to as to Count III.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

11

(1) Defendant U.S. Bank National Association d/b/a Elan Financial Services' Motion to Dismiss (Doc. # 9) is **GRANTED.**

(2) Plaintiff Judith K. Petitt has until and including July 23, 2014, to file an amended complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>7th</u> day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

12