UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH K. PETITT,

      Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION
DBA ELAN FINANCIAL SERVICES,

      Defendants.

Case No. 8:14–CV 961-VMC-TGW

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**

Defendants U.S. Bank National Association and Elan Financial Services (collectively "Elan"),[1] by and through their undersigned counsel, hereby move to dismiss Counts II and III of Plaintiff's Amended Complaint with prejudice for failure to state a cause of action under the Fair Debt Collection Practice Act and the Florida Consumer Collection Practice Act. In support of these motions, Elan submits the following memorandum of law.

**WHEREFORE**, Elan respectfully request judgment in its favor, and such other relief as this Court deems just and proper.

---

[1] Plaintiff's amended complaint refers to Elan Financial Services as a D/B/A of U.S. Bank National Association. It then refers to them both as Elan. It also refers to Defendants. It is not clear whether Plaintiff is suing one defendant or two. In any event, this motion and supporting memorandum are filed on behalf of both entities.

# MEMORANDUM OF LAW

## I. INTRODUCTION

Plaintiff's amended complaint alleges that Elan violated the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Plaintiff states no legal claim against Elan for violation of the FDCPA or the FCCPA and those counts should be dismissed.

## II. ARGUMENT

### A. Legal Standard.

To survive a motion to dismiss, a complaint must contain material supporting each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). This material can be either direct or inferential, *id*. at 683, but it must be factual. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* (quoting *Oxford Asset Mgmt., v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002)) (internal quotation marks omitted); accord *Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do").

A complaint must contain sufficient factual material to raise a right to relief above the speculative level. *Id*. To raise a right to relief beyond the speculative level, a complaint must contain "enough factual matter (taken as true) to suggest" each material

element of a claim.  *See Watts v. Fla. Int'l Univ.,*  495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  The Complaint in this case does not contain factual allegations sufficient to raise a right to relief.

    **B.  The FDCPA Does Not Apply to Elan.**

        1.  Elan's website does not state it is a debt collector.

Exhibit B to the amended complaint purports to contain a screenshot of Elan's webpage definitively showing that Elan was a debt collector.  Here is what it says:

> As America's leading agent credit card issuer, Elan serves more than 1,6000 financial institutions.  For more than 47 years, Elan has offered an outsourced partnership solution, providing institutions the ability to earn a risk-less revenue stream with a competitive credit card program – all at no cost.  Elan's best-in-class card products, exceptional service, and proven road map drive successful long-term relationships and satisfied customers.

Nowhere does Exhibit B say a word about debt collectors let alone "[shows] clearly" that U.S. Bank N.A. "uses another name "Elan" to operate a business that has the principal purpose of collecting debts and "Elan" regularly attempts to collect the debt that are owed to another."  (Am. Compl. ¶ 27.)  Thus the very document Plaintiff attaches to support her position rebuts it by showing Elan's principal purpose is agent credit card issuing.

    Moreover, based upon Exhibit B, Plaintiff's Amended Complaint admits that Elan services credit card accounts.  As a servicer, Elan is not a "debt collector."  Under the

3

FDCPA,[2] loan servicers or an assignee of a debt are not considered "debt collectors," as long as the debt was not in default at the time it was assigned. *See Bentley v. Bank of America, N.A., et al.*, 773 F.Supp.2d 1367, 1371 (S.D. Fla. 2011)(internal citations omitted); *see also Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 457 (6th Cir. 2013) (holding that Chase was not a debt collector because it obtained the loan for servicing before default, and was servicing the loan pursuant to an agreement with JP Morgan, the owner of the debt).

Accordingly, based on the facts that Plaintiff has alleged in her Amended Complaint—which are supported by the documentary evidence she attached to her Amended Complaint—Plaintiff cannot state a claim against Elan under the FDCPA as a matter of law. Plaintiff's FDCPA claim should therefore be dismissed with prejudice.

2. U.S. Bank does business as Elan and therefore cannot be sued under the FDCPA for using that name in its collection activities.

Plaintiff has not alleged sufficient facts to state a claim for relief under the FDCPA. The FDCPA regulates how a <u>debt collector</u> must conduct itself when it attempts to collect a debt from a consumer. 15 U.S.C. § 1692. However, the FDCPA only regulates "debt collectors," who are defined as follows:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this

---

[2] This court has previously concluded that the language of §559.55(6)(f) [the FCCPA] identifying those who are excluded from the definition of a debt collector in Florida mirrors the language defining a debt collector in the FDCPA. *See Reynolds v. Gables Residential Servs., Inc.*, 428 F.Supp.2d 1260, 1265 (M.D. Fla. 2006).

4

>paragraph, *the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.*

15 U.S.C. § 1692a(6) (emphasis added).

Neither Elan nor U.S. Bank are debt collectors. They are creditors. Plaintiff's amended complaint attempts to cast U.S. Bank as a "debt collector" because it allegedly "uses [a] name other than its own" -- Elan -- to attempt to collect debts. (Am. Compl. ¶ 25.)

A creditor does not fall within the "use [a] name other than [its] own" exception unless the creditor actually pretends to be someone else or uses a pseudonym or alias "which would indicate that a third person is collecting or attempting to collect" the debt. The underlying policy is to prevent a creditor, or an entity fitting within the exemption under 15 U.S.C. § 1692(6)(B), from misrepresenting who they are. The policy is not to stop a creditor from using a legitimate business name.

Plaintiff alleges Elan is a DBA of U.S. Bank. From the context, one assumes Plaintiff intends this to mean U.S. Bank National Association "does business as" Elan Financial Services. She is correct. As such U.S. Bank, is using its "own name" to collect its own debt.

Courts have previously rejected Plaintiff's argument that collecting under a DBA forfeits the FDCPA exclusion for creditors collecting their own debt. In *Friedman v. Rubinstein*, No. 99 C 6610, 1997 U.S. Dist. LEXIS 19174 (N.D. Ill. Nov. 26, 1997), plaintiff signed three checks payable to Caesars Palace. When they bounced, Caesars Palace sent a letter asking that plaintiff pay them. Plaintiff later learned that Caesars Palace was not a real legal entity but simply the DBA of Desert Palace, Inc. Plaintiff sued claiming that Desert

5

Palace, Inc. could not benefit from the creditor exclusion of the FDCPA because it was using a name other than its own to collect debt. The court rejected Plaintiff's argument, stating:

> Desert Palace, Inc. has an alias - - it does business at Caesars Palace, which is not itself the name of any corporation. There is no question but that Desert Palace, Inc., is entitled to do business under that name. Moreover, that is the name under which Desert Palace, Inc., conducted its business with plaintiff. . . . The FDCPA does not make Desert Palace, Inc. a debt collector just because it used a name other than its corporate name to attempt to collect its debt. Under the FDCPA, a creditor attempting to collect its own debt is a debt collector if it "in the process of collecting [its] own debts, using any name other than its own which would indicate that a third person is collecting or attempting to collect such debts. In the case at bar, the use of name "Caesars Palace" would not indicate that a third person was collecting or attempting to collect the gambling debt. (citation omitted.)

The case was dismissed.

In another more recent case, *Leasure v. Willmark Cmtys., Inc.*, No. 11-CV-00443BEN (DHB), 2013 U.S. Dist. LEXIS 35795 (S.D. Cal. Mar. 14, 2013), the plaintiff sued defendant because it attempted to collect debt under the DBA "Creekside Meadows." Creekside Meadows was a brand name for a family of apartment complexes Willmark Communities managed and maintained. The court rejected plaintiff's attempt to draw Willmark into FDCPA coverage, holding:

> Willmark Communities is entitled to use the "Creekside Meadows" business name. A creditor does not fall within the "uses any name other than its own" exception unless the creditor uses a pseudonym or alias "which would indicate that a third person is collecting or attempting to collect" the debt. Creditors may collect their debts under names other than their own as long as they have consistently dealt with their debtors under the other name, so as not to mislead their debtors as to whom is attempting to collect such debts."

6

*Id.* at *10 (citations omitted); s*ee also Dickenson v. Townside T.V. & Appliance, Inc.*, 770 F. Supp. 1122 (S.D. W. Va 1990) (Creditors are not required to collect their own debts using only their name of incorporation.).

The "uses any name other than its own" exception does not apply here.

3.  U.S. Bank's principal business activity is banking, not debt collection.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (b). Thus, the plain language of the FDCPA provides that the FDCPA applies only to persons whose primary business is debt collection. *See Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 854 (N.D. Tex. 2006). As Plaintiff has alleged, U.S. Bank is a National Association. As such, U.S. Bank is governed pursuant to the National Bank Act and as a matter of law has the principal business of banking.[3] *Id.* Accordingly, as the court stated in *Marketic*:

> U.S. Bank's principal business activity is not debt collection, and, even if the company were to meet the statutory definition of a debt collector, it would nevertheless qualify for the statutory exclusion from liability found at 15 U.S.C. § 1692a (6)(A) for creditors who attempt to collect debts owed to them while using their own names.

---

[3] Even if Plaintiff had alleged that Elan and U.S. Bank were separate entities, Exhibit B to Plaintiff's Complaint contradicts any allegation that Elan is a debt collector. As stated in the attachment, Elan's principal business is issuing and servicing credit cards.

7

*Id*. (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985)).

Plaintiff's cause of action under the FDCPA should be dismissed with prejudice. *See Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009) (Dismissing FDCPA claims with prejudice because: (1) Chase and Chase Home Finance were the creditor and servicer, and therefore were not debt collectors under the FDCPA; and (2) the plaintiff's "false name exception" argument was unavailing because the plaintiff failed to allege any facts indicating a scheme by Chase to use another name other than its own)*; see also Doherty v. Citibank (S.D.) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005) (dismissing the FDCPA claim because the bank was not the proper party since it was a creditor and not a debt collector).

### C. Plaintiff Failed to State a Claim Under the FCCPA.

The FCCPA provides that a "debtor" may bring an action against a person who commits a prohibited act. The FCCPA limits the definition of "debtor" to one obligated or alleged obligated to pay a debt. § 559.55(2), Fla. Stat. It similarly limits the definition of "debt" to an obligation or alleged obligation "to pay money arising out of a transaction." *Id*. § 559.55(1). Plaintiff does not allege she is a "debtor" and she drops the allegation from her original complaint that she is a "consumer."

Plaintiff's amended complaint does not correct the pleading deficiency that lead to the dismissal of her first complaint. Nowhere does she state that she is obligated or allegedly obligated to pay a debt. Instead Plaintiff now asserts she is not a "debtor," but

8

rather the "previous employer of the alleged debtor."[4] Am. Compl. ¶ 27. Thus she is not a debtor under the FCCPA, and does not have standing to pursue claims for violations of the FCCPA. *Belin v. Litton Loan Servicing,* No. 8:06-CV-760-T-24 EAG, 2006 U.S. Dist. LEXIS 47953, at *7 (M.D. Fla. July 14, 2006) (dismissing FCCPA claims asserted by plaintiffs that were not obligated under the loan at issue for lack of standing); *Condon v. Global Credit & Collection Corp.,* No. 8:10-CV-1526-T-TGW, 2010 U.S. Dist. LEXIS 129343, at *8 (M.D. Fla. Dec. 6, 2010) ("[T]he FCCPA claim is not actionable because the plaintiff is not alleged to owe any debt to the defendant").

Like here, in *Sampaio v. I.C. System, Inc.*, No. 09-21689-CIV-JORDAN, 2009 U.S. Dist. LEXIS 128377 (S.D. Fla. Sept. 14, 2009), the plaintiff alleged to have received debt collection calls intended for another individual. In the complaint, the plaintiff stated that he was "not liable for [the] debt." *Id.* at *1. Notwithstanding, the plaintiff "allege[d] that the [defendant's] phone messages constituted willful conduct that harassed [him] in violation of Fla. Stat. § 559.72(7) because the message failed to disclosed the caller's name and used a pre-recorded voice." *Id.* at *2. The court found that subsection (7) "applies only to 'the debtor or any member of his or her family.'" *Id*. (quoting § 559.72(7), Fla. Stat.). The court therefore entered judgment as a matter of law in the defendant's favor on the FCCPA claim because Plaintiff was not a debtor.

As in *Sampaio*, Plaintiff here alleges violations of FCCPA provisions intended to protect "debtors" only. *See* Compl. ¶¶ 23-26. Plaintiff lacks standing to assert claims as a

---

[4] During oral argument on the motion to dismiss the original complaint, Plaintiff failed to advise the court or Defendant of her relationship with the debtor.

9

debtor under the FCCPA. Thus, her claims for violations of section 559.72, Fla. Stat., fail as a matter of law and should be dismissed with prejudice.

### III. CONCLUSION

Bare legal conclusions do not state claims. Calling Elan a debt collector does not make it one for FDCPA purposes. Factual averments are necessary. No credible ones were made here. Plaintiff does not claim she is a "debtor." In fact she asserts that no debt is owed and that she is not the debtor, but rather in the debtor's former employer. Those allegations take her outside the scope of the FCCPA. For the foregoing reasons Plaintiff has failed to state a claim under Counts II and III, and those claims should be dismissed.

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 0498351
Email: clawson@foley.com
Kara M. Wick
Florida Bar No. 0085578
kwick@foley.com
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, FL 32801-2386
Telephone: (407) 423-7656
Facsimile: (407) 648-1743

Michael C. Lueder
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53402-5306
414.297.5643 (MCL)
Email: mlueder@foley.com
*Pro Hac Motion Pending*

*Attorneys for U.S. Bank National Association and Elan Financial Services*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 30th day of July, 2014 via filing with the Court's CM/ECF System to Plaintiff, Judith Petitt, 9375 U.S. Highway 19, Suite A, KTJ034684@gmail.com.

      /s/ Christi A. Lawson
      Christi A. Lawson
      Florida Bar No. 0498351