UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH K. PETITT,

    Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION
DBA ELAN FINANCIAL SERVICES,

    Defendants.

Case No. 8:14 cv 961

## U.S. BANK NATIONAL ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT ONE OF PLAINTIFF'S AMENDED COMPLAINT

Defendant, U.S. Bank National Association (DBA Elan Financial Services) (individually or collectively[1] referred to as "Elan"), by and through its undersigned counsel

Answers Count I of Plaintiff's Amended Complaint as follows:

    1.    This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227, 47 USC § 227(b)(1), 47 USC § 227(a) (iii) the FDCPA 15 USC sec. 1692c(b) and sec. 1692d(5) and sec. 1692e(10) and FCCPA 559.72(4).

    **RESPONSE:** Defendant admits this purports to be an action under the listed statutes, but denies they provide Plaintiff any relief.

    2.    Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

---

[1] Plaintiff's amended complaint refers to Elan Financial Services as a D/B/A of U.S. Bank National Association. It then refers to them both as Elan. It also refers to Defendants. It is not clear whether Plaintiff is suing one defendant or two. In any event, this Answer and Affirmative Defenses are filed on behalf of both entities.

**RESPONSE:** Defendant denies as indecipherable the first sentence of paragraph 2 of the Complaint and is without knowledge of information sufficient to form a belief as to the truth of the second sentence, and therefore denies paragraph 2.

3. Plaintiff contends that U.S. BANK NATIONAL ASSOCIATION, DBA ELAN FINANCIAL SERVICES, Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

**RESPONSE:** Defendant admits it does business as Elan Financial Services, but denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), Fla. Stat. § 47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

**RESPONSE:** Defendant admits the court's jurisdiction over this matter.

5. Venue is proper pursuant to 28 U.S.C. § 1391b and Fla. Stat. § 559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

**RESPONSE** Defendant admits venue is proper.

6. This is an action for damages which exceed $15,000.00.

**RESPONSE:** Defendant admits Plaintiff raises legal claims which could, if successful, result in liability over $15,000.00, but asserts that Plaintiff is not entitled to any relief.

## PARTIES

7. Plaintiff, JUDITH K. PETITT, is a natural person and is a resident of the State of FLORIDA:

**RESPONSE:** Defendant admits Plaintiff is a natural person but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

2

8.      Upon information and belief Defendants, U.S. BANK NATIONAL ASSOCIATION DBA ELAN FINANCIAL SERVICES ("HERE AFTER CALLED ELAN") is a foreign corporation, authorized to do business in Florida.

**RESPONSE:** Defendant denies that it is a foreign corporation. Defendant states it is a national association organized under the National Bank Act and authorized to do business in Florida.

## FACTUAL ALLEGATIONS

9.      From November 1st 2013 thru April lst 2014, ELAN violated the TCPA by calling Plaintiff's cell phone 40 times with no prior permission given by Plaintiff in attempting to collect an alleged but nonexistent debt.

**RESPONSE:** Defendant denies the allegations of paragraph 9.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. § 227

10.     Plaintiff alleges and incorporates the information in paragraphs 1 through 9.

**RESPONSE:** Defendant reincorporates by reference all of its responses to paragraph 1 through 9 as though fully set forth herein.

11.     The statute 47 U.S.C. § 227(b)(1)(A) defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers" which can then be connected to a live person or produce a voice message.

**RESPONSE:** Paragraph 11 states a legal conclusion to which no response is required.

12.     Defendant ELAN has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system see attached (exhibit A) to call the Plaintiff's number (727-455-9793), which is assigned to a cellular telephone service.

**RESPONSE:** Defendant denies the allegations of paragraph 12.

13.     Defendant ELAN has committed 40 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**RESPONSE:** Defendant denies the allegations of paragraph 13.

3

14. Defendant ELAN has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) The 40 calls are subject to treble damages pursuant to 47 U.S.C. § 227(b)(3) as they were intentional because Plaintiff told Elan the person they were calling was not at this cell number and Defendant continued to call. When Plaintiff picked up the phone there was a 2-3 second delay then a spokesperson from Elan connected to the call and spoke to Plaintiff this is consistent with "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers" and then to be picked up by a live person. Plaintiff explained to ELAN on the very first call that the person they were trying to reach was not at this cell number (727-455-9793) and that they were calling the wrong cell phone number. Two additional times on two different phone calls PLAINTIFF told ELAN that the person they were trying to reach was not at this cell number (727-455-9793) and they had the wrong cell phone. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

**RESPONSE:** Defendant denies the allegations of paragraph 14.

15. Defendant ELAN has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given ELAN permission to call Plaintiffs cell phone and Plaintiff has no present nor past business relationship with Defendant. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and ELAN do not have an established business relationship within the meaning of 47 U.S.C. § 227.

**RESPONSE:** Defendant denies the allegations of paragraph 15.

16. Defendant ELAN has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by continuing to call Plaintiff 30 times after receiving the intent to sue letter with total disregard and in violation of 47 U.S.C. § 227.

**RESPONSE:** Defendant denies the allegations of paragraph 16.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 BY DEFENDANTS U.S. BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES

**Defendant has moved to dismiss Count II of Plaintiff's Amended Complaint because it fails to state a cause of action against Elan as a matter of law. To the extent the Court determines that Elan is required to respond, Elan submits the below responses.**

17. Plaintiff alleges and incorporates the information in paragraphs 1 through 16.

**RESPONSE:** Defendant reincorporates by reference all of its responses to paragraph 1 through 16 as though fully set forth herein.

18. Elan is a "debt collector" as defined in 15 U.S.C. 1692a(6) Pertinent part "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

**RESPONSE:** Defendant denies the allegations of paragraph 18.

19. Since U.S. Bank N.A uses another name "Elan" to attempt to collect alleged debts due for U.S. Bank N.A. and others see attached (exhibit B) a picture of Elan's web page, which states in relevant part:
"As America's leading agent credit card issuer, Elan serves more than 1,600 financial institutions. For more than 47 years, Elan has offered an outsourced partnership solution, providing institutions the ability to earn a risk-less revenue stream with a competitive credit card program - all at no cost. Elan's best-in-class card products, exceptional service, and proven road map drive successful long-term relationships and satisfied customers" shows clearly that U.S. Bank N.A. uses another name "Elan" to operate a business that has the principal purpose of collecting debts and "Elan" regularly attempts to collect debts that are owed to another. They are within the definition of debt collector as defined by statute.

**RESPONSE:** Defendants denies the allegations of paragraph 19.

20. Plaintiff is any person in regards to violations 1962c(b), 1692(d)5, and 1692e(10).

**RESPONSE:** This calls for a legal conclusion to which no response is required.

21. ELAN is in violation of 15 U.S.C. sec. 1692d (5) which reads: A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Elan placed no less than 26 telephone calls to the Plaintiff's cellular telephone (727-455-9793) after receipt of Plaintiff's NOTICE OF INTENT TO LITIGATE letter attached (exhibit C). Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. § 1692d (5), Defendant demands $1000.

**RESPONSE:** Defendant denies the allegations of paragraph 21.

22. ELAN is in violation of 15 U.S.C. § 1692c(b) which reads : Communication with third parties Except as provided in section 1692b of this title, without the

5

prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. Since Elan did speak to a 3rd party (Plaintiff) in regards to the collection of an alleged debt without the prior expressed consent of the consumer and the Plaintiff spoke with the consumer and asked if he gave Elan expressed consent to speak with Plaintiff of which the consumer denies giving any permission they are in violation of 15 U.S.C. § 1692c(b) Plaintiff demands $1000.

**RESPONSE:** Defendant denies the allegations of paragraph 22.

23. Defendants U.S. BANK NATIONAL ASSOCIATION AND ELAN violated 15 U.S.C. §1692e (10) which reads A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Elan is in violation of 15 U.S.C. §1692e (10) because Defendant was trying to obtain information concerning a consumer from the Plaintiff by asking Plaintiff if this other person was there or where he could be reached. Plaintiff demands judgment in the amount of $1000.

**RESPONSE:** Defendant denies the allegations of paragraph 23.

### COUNT III
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANTS U.S. BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES

**Defendant has moved to dismiss Count III of Plaintiff's Amended Complaint because it fails to state a cause of action against Elan as a matter of law. To the extent the Court determines that Elan is required to respond, Elan submits the below responses.**

24. Plaintiff alleges and incorporates the information in paragraphs 1 through 23.

**RESPONSE:** Defendant reincorporates by reference all of its responses to paragraphs 1 through 23.

25.     U.S. BANK NATIONAL ASSOCIATION AND ELAN FINANCIAL SERVICES are debt collectors within the meaning of § 559.55(6). "Debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Since U.S. BANK N.A. uses another name "Elan" to attempt to collect its own debts they are "Debt Collectors" by definition of the statute.

**RESPONSE:** Defendant denies the allegations of paragraph 25.

26.     U.S. BANK NATIONAL ASSOCIATION violated §559.72(4) which reads: Prohibited practices generally. In collecting consumer debts, no person shall Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.

**RESPONSE:** Defendant denies the allegations of paragraph 26.

27.     Elan violated FCCPA § 559.72(4) because Elan is "any person" and the Plaintiff is the previous employer of the alleged debtor. Plaintiff contacted the alleged debtor and asked if there was or is a final judgment against him or if the alleged debtor gave Elan written permission to contact Plaintiff and the alleged debtor denies providing such written permission nor the existence of a final judgment against him, therefore, Elan communicated without obtaining a final judgment against the alleged debtor nor has his permission in writing to contact Plaintiff. Plaintiff demands $1000.00.

**RESPONSE:** Defendant denies the allegations of paragraph 27.

### DEFENSES

Answering further, Elan states the following:

1.     Plaintiff has failed to state a claim upon which relief may be granted in Counts II and III, as further discussed in Defendant's Motion to Dismiss Counts II & III of the Amended Complaint that is being filed concurrently with this Answer.

2. Elan maintains policies and procedures designed to prevent any violation of the FDCPA and the FCCPA, and any alleged violations were the result of a bona fide clerical error or mistake of fact.

3. Any alleged violations of the FDCPA and/or FCCPA were not intentional.

4. Elan reserves the right to plead additional affirmative defenses that may be discovered through the course of litigation.

WHEREFORE, having answered, Defendant respectfully requests that judgment be entered in its favor on all claims, and such other relief as this court deems just and proper.

Dated this 30th day of July, 2014

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 0498351
Foley & Lardner LLP
111 North Orange Avenue
Suite 1800
Orlando, FL 32801-2386
407.244.3235
Email: clawson@foley.com
and
Michael C. Lueder
777 East Wisconsin Avenue
Milwaukee, WI 53402-5306
414.297.5643
Email: mlueder@foley.com
Motion for Pro Hac Vice Pending
Attorneys for U.S. Bank National Association

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Plaintiff via filing with the Court's CM/ECF system this 30th day of July 2014.

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 0498351
Foley & Lardner LLP

4852-4430-5180.1