UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH K. PETITT,

        Plaintiff,
v.                             Case No. 8:14-cv-961-T-33TGW

U.S. BANK NATIONAL ASSOCIATION
D/B/A/ ELAN FINANCIAL SERVICES,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant U.S. Bank National Association d/b/a Elan Financial Services' Motion to Dismiss Amended Complaint with Prejudice[1] (Doc. # 26) filed on July 30, 2014. *Pro se* Plaintiff Judith K. Petitt filed a Response in Opposition to the Motion (Doc. # 30) on August 5, 2014. For the reasons stated below, the Court grants Elan's Motion to the extent provided herein.

**I. Background**

On April 23, 2014, Petitt initiated this action against Elan for alleged violations of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices

---

[1] The Court notes that the present Motion seeks dismissal of Counts II and III only.

Act ("FCCPA") (Doc. # 1), and filed an Amended Complaint on July 18, 2014 (Doc. # 23). From November 1, 2013, through April 1, 2014, Petitt claims that Elan called Petitt's cellular telephone forty times, with no prior permission given by Petitt, in an attempt to collect an alleged debt from a past employee of Petitt. (Id. at ¶ 9). Petitt contends that she spoke with Elan on the first call and advised Elan that the person it was trying to reach was not at the number called. (Id. at ¶ 14). Petitt further claims that she told Elan two additional times that the person Elan was trying to reach was not at the number called. (Id.).

On July 30, 2014, Elan filed the present Motion to Dismiss seeking dismissal of Counts II and III of Petitt's Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 26). Petitt filed a Response in Opposition to the Motion on August 5, 2014. (Doc. # 30). The Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further,

2

this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, in Twombly, the Supreme Court cautioned:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III. Analysis**

   **A. Count II – Fair Debt Collection Practices Act**

The FDCPA regulates how a debt collection agency must conduct itself when it attempts to collect a debt from a customer. See 15 U.S.C. § 1692. In order to prevail on an FDCPA claim, Petitt must demonstrate by a preponderance of the evidence that: (1) she was the object of collection activity arising from consumer debt; (2) Elan is a "debt collector" as defined by the FDCPA; and (3) Elan has engaged in an act or omission prohibited by the FDCPA. McCorriston v. L.W.T., Inc., No. 8:07-CV-160-T-27EAJ, 2008 WL 3243865, at *2 (M.D. Fla. Aug. 7, 2008).

As stated above, the FDCPA only regulates "debt collectors," defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include –
>
> A. any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> B. any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related

4

>   or affiliated and if the principal business of
>   such person is not the collection of debts. . . .

15 U.S.C. § 1692a(6)(a)-(b). Elan argues that it is not a debt collector under the FDCPA, but rather it is the creditor to which the debt is owed. (Doc. # 26 at 5).

In an effort to establish that Elan is a debt collector, Petitt attaches to the Amended Complaint – as Exhibit B – a brief statement of Elan's website, which states:

>   As America's leading agent credit card issuer, Elan serves more than 1,600 financial institutions. For more than 47 years, Elan has offered an outsourced partnership solution, providing institutions the ability to earn a risk-less revenue stream with a competitive credit card program - all at no cost. Elan's best-in-class card products, exceptional service, and proven road map drive successful long-term relationships and satisfied customers.

(Doc. # 23 at 10).

Elan posits that Exhibit B is devoid of any indication that it is a debt collector; and therefore, "the very document [Petitt] attaches to support her position rebuts it by showing Elan's principal purpose is agent credit card issuing." (Doc. # 26 at 3). Notably, in her response, Petitt states "Plaintiff does not allege Elan is a debt collector by definition because they collect their own debt but because Elan performs debt collection for [its] 'over 1600 clients.'" (Doc. # 30 at 6).

5

Furthermore, to the extent that Petitt argues that U.S. Bank uses another name – Elan – to attempt to collect debts due for U.S. Bank, and therefore U.S. Bank is a "debt collector," Elan disagrees. (Doc. # 26 at 5). Specifically, Elan argues that "A creditor does not fall within the 'use [a] name other than [its] own' exception unless the creditor actually pretends to be someone else or uses a pseudonym or alias 'which would indicate that a third person is collecting or attempting to collect' the debt." (Id.). In the Amended Complaint, Petitt alleges that Elan is a DBA of U.S. Bank; however, Elan suggests that it can be assumed that Petitt meant that U.S. Bank "does business as" Elan, which is correct. (Id.). Accordingly, Elan contends that U.S. Bank is using its own name to collect its own debt, not the name, pseudonym, or alias of another. (Id. at 5-7)(citing Leasure v. Willmark Cmtys., Inc., No. 11-CV-00443 BEN DHB, 2013 WL 6097944, at *3 (S.D. Cal. Mar. 14, 2013)("A creditor does not fall within the uses any name other than his own" exception in 15 U.S.C. § 1692a(6) unless the creditor uses a pseudonym or alias "which would indicate that a third person is collecting or attempting to collect" the debt. (internal quotations omitted)).

Finally, Elan posits that Petitt has correctly alleged that U.S. Bank is a National Association. (Id. at 6). Therefore, according to Elan, U.S. Bank is governed pursuant to the National Bank Act, and thus, as a matter of law has the principal business of banking, not debt collection. (Id.)(citing Marketic v. U.S. Bank Nat'l Ass'n, 436 F. Supp. 2d 842, 854 (N.D. Tex. 2006)(finding that "U.S. Bank's principal business activity is not debt collection.")). For that reason, Elan alleges that the FDCPA does not apply to Elan. (Id. at 5).

"A party qualifies as a debt collector where it operates a business that has the principal purpose of collecting debts or regularly attempts to collect debts that are owed to another." Goia v. CitiFinancial Auto, 499 F. App'x 930, 938 (11th Cir. 2012). Furthermore, "where a financial company is 'engaged in the collection of its own debts, as opposed to the debts of another,' it does 'not qualify as a debt collector under the FDCPA.'" Berman v. Wells Fargo Bank, N.A., No. 6:12-cv-405-Orl-37KRS, 2013 WL 145501, at *2 (M.D. Fla. Jan. 14, 2013)(quoting Goia, 499 F. App'x at 938).

"In determining whether a plaintiff has adequately alleged that a . . . business regularly engages in debt collection activities, or whether a business's principal

7

purpose is debt collection, courts have considered whether a party has held itself out as a debt collector and also the volume, frequency, pattern, and history of a party's debt collection activity." Sanz v. Fernandez, 633 F. Supp. 2d 1356, 1361-62 (S.D. Fla. 2009).

When construed liberally to account for Petitt's *pro se* status, the Court finds that the Amended Complaint fails to adequately demonstrate that Elan is a debt collector; and therefore, Petitt has failed to state a claim for relief under the FDCPA. Specifically, Petitt does not provide sufficient factual allegations that establish Elan operates a business that has the principal purpose of collecting debts or that Elan regularly attempts to collect debts that are owed to another. See Goia, 499 F. App'x at 938. In the Amended Complaint, the only support provided by Petitt to establish that Elan is a debt collector is Exhibit B, which although marginally describes Elan's business, does not provide sufficient detail to demonstrate that "U.S. Bank N.A. uses another name 'Elan' to operate a business that has the principal purpose of collecting debts and 'Elan' regularly attempts to collect debts that are owed to another," as suggested by Petitt. (See Doc. # 26 at 5).

8

To the extent Petitt requests that this Court consider additional arguments set forth in her response, and the accompanying exhibit, this Court declines to do so. This Court has previously instructed Petitt that the Court must limit its review on a motion to dismiss to the four corners of the complaint. (Doc. # 21 at 8). Therefore, this Court grants Elan's Motion as to Count II.  However, Count II is dismissed without prejudice so that Petitt can have one final opportunity to state a claim under the FDCPA, if possible.

**B. Count III – Florida Consumer Collection Practices Act**

The FCCPA provides that a debtor may bring a civil action against a person who commits a prohibited act, as set forth in Florida Statute § 559.72, while collecting consumer debts. Fla. Stat. § 559.77(1). Under the FCCPA, a debtor is defined as a natural person obligated or allegedly obligated to pay a debt. See Fla. Stat. § 559.55(2).

In the present Motion, Elan suggests that "Nowhere [in the Amended Complaint] does [Petitt] state she is obligated or allegedly obligated to pay a debt. Instead, [Petitt] now asserts she is not a 'debtor,' but rather the 'previous employer of the alleged debtor.'" (Doc. # 26 at 8-9). Therefore, according to Elan, Petitt is not a debtor under

the FCCPA and lacks standing to pursue claims for violations of the FCCPA. (Id. at 9).

Upon review of the Amended Complaint, this Court finds that Petitt has failed to state a claim under the FCCPA. According to the Amended Complaint:

> [Petitt] contacted the alleged debtor and asked if there was or is a final judgment against him or if the alleged debtor gave Elan written permission to contact [Petitt] and the alleged debtor denies providing such written permission nor the existence of a final judgment against him, therefore, Elan communicated without obtaining a final judgment against the alleged debtor nor has the permission in writing to contact [Petitt].

(Doc. # 23 at 7). Thus, Petitt admits that she is not the debtor to the relevant debt. Furthermore, the Court notes that in her Response, Petitt states "Plaintiff will voluntarily dismiss Count III of Plaintiff's Amended Complaint." (Doc. # 30 at 7). Therefore, for the reasons stated above, the Court grants Elan's Motion, and Count III is dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant U.S. Bank National Association d/b/a Elan Financial Services' Motion to Dismiss Amended Complaint

     with Prejudice (Doc. # 26) is **GRANTED** to the extent provided herein.

(2) Count II of the Amended Complaint is dismissed without prejudice and Count III of the Amended Complaint is dismissed with prejudice.

(3) Plaintiff Judith K. Petitt has until and including **September 5, 2014**, to file a Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 20th day of August, 2014.

                      VIRGINIA M. HERNANDEZ COVINGTON
                      UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record